**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GEORGE LAHOOD | : | Civ. No. 08-3399(DRD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GLEN GRIFFITH, et al. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| GEORGE LAHOOD, et al. | : | Civ. No. 08-3400(DRD) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| N.J. DEPT. OF HOUSING, ET AL., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| GEORGE LAHOOD, et al. | : | Civ. No. 08-3402(DRD) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLENDALE HOTEL CORP., et al. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| GEORGE LAHOOD, | : | Civ. No. 08-3403(DRD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |

BOROUGH OF ALLENDALE, et al.          :

     Defendants.                              :

_____:

GEORGE LAHOOD,                        :          Civ. No. 08-3404(DRD)

     Plaintiff,                               :

     v.                                        :

BERGEN COUNTY BOARD OF                :
HEALTH, et al.                             :

     Defendants.                              :

_____:

GEORGE LAHOOD,                        :          Civ. No. 08-3405(DRD)

     Plaintiff,                               :

     v.                                        :

BERGEN REGIONAL MEDICAL               :
CENTER,                                    :

     Defendant.                               :

_____:

GEORGE LAHOOD,                        :          Civ. No. 08-3406(DRD)

     Plaintiff,                               :

     v.                                        :

ALLENDALE, PARAMUS PATTERSON,  :

     Defendants.                              :

_____:

GEORGE LAHOOD,                        :          Civ. No. 08-3407(DRD)

2

Plaintiff,                          :
                                    :
    v.                              :
                                    :
SAVE THE FELL HOUSE,                :
                                    :
    Defendant.                      :
_____:
                                    :
GEORGE LAHOOD,                      :    Civ. No. 08-3408(DRD)
                                    :
    Plaintiff,                      :
                                    :
    v.                              :
                                    :
PHIL ANTON,                         :
                                    :
    Defendant.                      :
_____:
                                    :
GEORGE LAHOOD,                      :    Civ. No. 08-3409(DRD)
                                    :
    Plaintiff,                      :
                                    :
    v.                              :
                                    :
KIMBERLY BIANCO, et al.             :
                                    :
    Defendants.                     :
_____:
                                    :
GEORGE LAHOOD,                      :    Civ. No. 08-3410(DRD)
                                    :
    Plaintiff,                      :
                                    :
    v.                              :
                                    :
SHIRLEY WALKCOVICZ,                 :
                                    :
    Defendant.                      :
_____:
                                    :
GEORGE LAHOOD,                      :    Civ. No. 08-3411(DRD)

3

|                              | :  |                      |
| ---------------------------- | -- | -------------------- |
| Plaintiff,                   | :  |                      |
|                              | :  |                      |
| v.                           | :  |                      |
|                              | :  |                      |
| STEPHANIE VAN RIPER, et al.  | :  | **O P I N I O N**    |
|                              | :  |                      |
| Defendants.                  | :  |                      |
| _____ | :  |                      |

**Debevoise, Senior District Judge**

On July 9, 2008, Plaintiff, George Lahood, filed twelve complaints.  In each case he has applied for leave to proceed in forma pauperis.  His applications disclose that he has no income or assets and in the past twelve months he has received no money from any source other than "SSI", presumably Social Security disability benefits.  He qualifies to proceed in forma pauperis, and his application will be granted in each of the twelve cases.

Notwithstanding the filing of the complaint, a court has an obligation to review the complaint.  Section 1915(e)(2) of Title 28 of the United States Code provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Each of the complaints is accompanied by an order requiring the defendant or defendants to show cause why the relief sought in the complaint should not be granted and specified drastic actions be taken against the defendant or defendants.  I have examined each of the complaints

and have determined that each must be dismissed for lack of jurisdiction or for one or more of the reasons set forth in 28 U.S.C. § 1915(e)(2).

## Civil No. 08-3399

Plaintiff, a resident of Allendale, New Jersey, names as defendants in this case Glen Griffith (sometimes referred to in the complaint and other papers as "Glen Smith") of Allendale, New Jersey, and the Allendale Hotel Corp. in which Plaintiff and Griffith live.

The nub of Plaintiff's complaint against Griffith is:

> Since the first day he moved into the building six months ago, [Griffith] has been violating my civil rights laws of 1964 by conducting himself in a way that deprives me from my rights to life, liberty and pursuit of happiness in that: He has been depriving me from breathable air.  He has been violating New Jersey State Mandates of "No smoking" in Shelters and Rooming House posted in an inconspicuous place in a glass cabinet on the wall of the second floor of the Building where I live.  He has been violating my rights to breathable air by conducting himself in lighting cigarettes and "chain smoking" inside the building and forcing me out of my room and out of the building for heavy smoke giving me unbelievable migraines and disrupting my ability to conduct work within my rented room.

The complaint alleges that many public and private entities are responsible for his injuries resulting from Griffiths's smoking, but the only one named as a defendant is the landlord, the Allendale Hotel Corp.

It is apparent that the court does not have jurisdiction to hear this case.  The claims against Griffiths, whether they are in tort or creation of a public nuisance or otherwise, are state law claims.  Similarly the claims against Allendale Hotel Corp. arise under New Jersey's landlord - tenant law and have no federal implications.  Because Plaintiff and both Defendants are New Jersey citizens, diversity jurisdiction is lacking.  Therefore, the case must be dismissed for lack of jurisdiction.

### Civil No. 08-3400

In this complaint Plaintiff names as Plaintiffs in addition to himself, Coalition on Affordable Housing of NJ, U.S. Housing and Urban Development, U.S. Dept of Health and Human Services, NJ Div - Public Advocate's Office, NJ attorney General Miss Ann Milgram, and Bergen County Legal Aid.  There is nothing evidencing his authority to represent these entities.

The complaint names as defendants Allendale Hotel Corporation, et al., Danny & Tina Lucini (Licini), Gina Gillardini, Boro of Fort Lee and Ft Lee Housing Dept., Mayor of Fort Lee and Landlord, Gabriel and Joseph Lahood et al., Borough of Paramus and Council President, Mr. Francis Ciambrone, Municipal Clerk, et al., NJ Governor Corzine, X-Congressman Robert Torricelli, X-Congresswoman Mrs. Marge Roukema, X-US Senator Bill Bradley, X-Congressman Robert Roe, NJ Dept. of Community Affairs, NJ Dept. of Housing & Economic Dev., NJ Economic Development Authority, NJ Motor Vehicle Commission, NJ Board of Public Utility, NJ Election and Law Enforcement Commsn, City of Paterson, Mayor Joey Torres, Martin Barnes, Marilee Jackson et al., Bergen County Board of Health, et al., Mr. Daniel Mecca, Mrs. Moses et al., Borough of Wayne, Mayor Messercola et al., Borough of Maywood, Court Clerk et al., Borough of Little Falls, et al., Borough of Teaneck, Mr. & Mrs. Julio Suarez, Borough of Bogota, and George Nocolaou, Union City and landlord, and Borough of Allendale.

Plaintiff classifies his pleading as "In a Tentative 'Class Action' Law Suite (sic)."

The heart of the complaint and alleged starting point of the grievances Plaintiff alleges against this multitude of Defendants is set forth in the first two and fourth paragraphs of Count 1:

1.  I had been a victim of Identity Theft in 1980 or so when I was living in Paramus, Paramus Police did advise me that they caught the defendant in California.  I did ask for his name and address so I can reclaim financial losses. Thereafter I never heard from Paramus Police.

2.  From that time until this day, evidence is being accumulated that support the belief that I am becoming more and more a victim of Identity Erasure and Identity Alteration.  Right here in Allendale, I am being abused so as to assault my physical mental and emotional stressors with several factors.  To name few: extreme affliction with deprivation and excessive heat in fall and winter time, constant barrage and infusions of allergens, cigarettes and drug-smokes, fungal spores/mold mildew, confinement to a very small and substandard housing 9tom-lire hip-roof space they call a room 4+ foot wide 5+ foot high with a two panes 1+ foot wide by 1+ foot high single window.   The room is so small it cannot let, with all the surrounding conditions, any professional live or work right in it.

…

4.  The pressures were constantly been applied onto Plaintiff for the last twenty-five years.  The goal was and still is to harass plaintiff out of the State of New Jersey.  And the application was systematic, with legal means for illegal purposes to coerce and force plaintiff out of his properties in Paterson and Paramus.  The applications were civilly and criminally wrong on the Part of Family court, law division court and chancery court judges in both Bergen and Passaic Counties.

The rest of the complaint asserts, at great length but without specifics, that Plaintiff has been guilty of abuses by various state, county and local government agencies, both in the executive and judicial branches, and that "[t]hey have enacted laws and lived by them legalizing political and physical bribery on the highest and lowest levels of governments, courts, and police staff to the level that Corruption has become the normal course of the day.  This has destroyed [my] ability to stay within the state and destroyed [my] ability to start and maintain for profit and non-profit activities."

There is no effort to particularize what each individual what each organizational defendant has done that constitutes the basis of Plaintiff's claim against him, her or it.  It is

apparent on the face of the complaint that each Defendant is entitled to dismissal of the complaint for one or more jurisdictional or substantive reasons.  Two reasons are common to all Defendants.  The complaint is a mish-mash of generalized allegations making absolutely no sense and certainly not asserting any federal or state claim against any of the host of Defendants. It fails to state a claim on which relief may be granted; it is frivolous; and if Plaintiff is responsible for his actions, it is malicious.  The case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### Civil No. 08-3402

This complaint (characterized as "FIRST DRAFT") names as Plaintiffs not only Plaintiff but also names as "Co-Plaintiffs" United States Dept. of Health and Human Services, New Jersey Attorney General, New Jersey Secretary of State, NJ Div Of Public Advocate Office, New Jersey Department of Community Affairs, NJ Department of Housing & Economic Development, US Dept. of Housing and Urban Development, New Jersey Bar Association, New Jersey Dept. on Civil Rights, Coalition on Affordable Housing, Bergen County Board of Social Services, Bergen County Rent Leveling Board, Bergen County Prosecutor, Passaic County Prosecutor, Hudson County Prosecutor, Bergen County Bar Association, Passaic County Bar Association, Borough of Allendale Bldg., Dept., Borough of Allendale Police Dept. Borough of Allendale D.P.W., Borough of Allendale Mayor and Council, Paramus Police Department, Joseph and Gabriel Lahood.  As in Civil 08-3400, Plaintiff does not recite that these co-plaintiffs authorized him to represent him.  He characterizes the action as "a tentative "Class Action" law suite(sic)".

Named as Defendants are Allendale Hotel Corporation, Danny Licini, Tina Licini, Gina Gillardini, Mr. Ciambrone, Esq., Paramus Council President, Borough of Allendale Bd. Health,

Borough of Allendale Fire Dept., Bergen County Board of Health, New Jersey Dept. of Health

and Human Services, Daniel Mecca, Judge Fitzpatrick, Judge Schmidt, Judge Hollenbeck,

Joseph Mecca, Judge DeLorenzo, Judge Escala, Judge Guida, Judge Moses, Judge Passero,

Judge Corradino (Little Falls) (Judge & clerk-Maywood), (Judge Wayne), Paterson Judges:

Philip Fenster, Nestor Guzman, Judge Carol Graves, Judge Pat law dept., Senator Robert

Torricelli, Congresswoman Marge Roukema, Senator Bill Bradley, Congressman Robert Roe,

Congressman Bill Pascrell, Mayor Martin Barnes, Mayor Joey Torres, Marillee Jackson, New

Jersey Board of Public Utilities, New Jersey Dept. of Motor Vehicle, NJ Motor Vehicle

Commission, Paterson Municipal Corporation, John Emolo, Joseph Conte, Ramsey Auto Body,

Borough of Teaneck & Mrs. & Mr. Julio Suarez, Borough of Bogota & George Nicolaou, Union

City and Landlord, Mayor of Munic, Corp. of Fort Lee, Fort Lee Housing Dept.

 The complaint is a fifteen page single space document set forth in five counts and

concluding "TO BE CONTINUED." There follows a four page single space Order to Show

Cause that includes many of the allegations of the complaint.

 The nub of this wide-ranging complaint can be found in the first five paragraphs that

read:

> 1. I have been enduring a tortured life at the Allendale Hotel for the last four years and when I had courage to write and express my feelings and hardships to proper authorities, I have been ignored with my pressing needs and my inability to perform otherwise and get myself out of the difficulties that the owners of the Allendale Hotel have been imposing on me.
>
> 2. I have been treated as a subhuman with deprivation of heat in wintertime, with filthy smoky air to breathe, with smoking drunkards and drug users fighting days and nights, and with bullying and belligerent tenants wanting to do anything they want and initiate unnecessary fights with me. All I was in need of is to live in peace in a clean house with minimal disturbances to my existence, work and

sleep.  And I could not get any of that until this date.

3.  This is how this case came about: The harassments came upon me with the removal of my hobby bicycle accessories from the stall next to my van about two months ago with the assistance of Allendale Borough Officials.  That is the time when I served Gina Gillardini a copy of my complaint order to show cause with U.S. District Court.  It was done during the act of aggression of Danny Licini and Gina Gillardini and Borough of Allendale with their illegal theft and tortuous disposition of my "hobby material" representing a "Flexible Solar Hybrid Bicycle/Vehicle".  Copies of the sketch were submitted to the Allendale Police Dept. and preliminary approval was obtained.  The case did pertain to an anticipated Class Action to be pursued in a timely fashion.  However the excessive incidents and problems that Allendale Hotel Corporation facility, members, tenants and superintendent are such that they overwhelmed me and incapacitated me with a severe sleep problem.

4.  The service onto Gina Gillardini as described above represented an order of legal priority as to myself being the real aggrieved party.  Thereafter, Danny and Gina came and removed my vehicles in my absence and had them towed to Ramsey Auto Body.  From another angle, the problems and uncalled for assaults circumvented by and corroborated by Gina, Danny for Shirley Walkowicz, a demented tenant to assault me with humiliating words and to lodge false complaint to Allendale Police.  This left me no time or energy to pursue to the Order to Show Cause I originally served onto Gina Gillardini and Danny Licini or to file legal matters in a timely fashion with the US District Court.  Soon thereafter Gina illegally filed with the Landlord Tenant court for my eviction.  I truly believe that eviction has no place when I always paid my rent on time all the times and I was not getting the cooperation of landlords on hardships that I was enduring and they were not providing any solution.  I was always paying my rent at Danny's bank.  The monies were always there for him but I never gotten the services that I was promised to get for the whole four years of my existence.

5.  I am making several allegations, enjoining the United States Department of Health and Human Services, the New Jersey Department of Health and Human Services, Bergen County Board of Social Services as well as Allendale Board of Health in that:

. . .

The balance of the complaint consists of an account of Plaintiffs's abortive efforts to

obtain relief from various officials, individuals, governing bodies and authorities and of various

10

other purported acts committed upon him, such as, "Whereas, the willful and malicious events of specifically depriving Plaintiff's radiator of badly needed hot water in an un-insulated attic space with leaky roof, and the inexplicability of wanting and having hired smoking drunkards for tenants at their hell-hole, very possibly to cause the burning of the building and saving most of the demolition and hauling costs, perhaps to collect insurance money - who knows!"

Plaintiff's charges of corruption by administrative and judicial officials are generalized non-particularized allegations which fail utterly to assert claims of any sort upon which relief can be granted. The heart of the case is a landlord-tenant dispute that has no federal implication. There are multiple grounds upon which the Defendants, treated separately, could demand that the case be dismissed, but in its entirety the case must be dismissed for lack of either federal or diversity jurisdiction, because it fails to state a claim on which relief may be granted, and, as in Civil No. 08-3400, it is either frivolous and/or malicious.

### Civil No. 08-3403

George Lahood is the sole plaintiff in this case. He names as Defendants the Borough of Allendale, the N.J. Department of Motor Vehicle, N.J. Motor Vehicle Commission, Ramsey Auto Body Co., Allendale Hotel Corporation, Danny Licini, Gina Gillardini, and Mr. Ciambrone (President of Paramus Municipal Counsel). The complaint commences with a general allegation attacking the New Jersey Superior Court and charging discrimination on the basis of poverty, disability and national origin:

> 1. Plaintiff complains of both the Superior Court system on one side and the above stated defendants on the account of their violations of United States Laws of 1964 pertaining to Civil Rights. On one count the Judges and the clerks of the Superior Courts of the State of New Jersey in Bergen, Passaic and Hudson county jurisdictions have violated my civil rights laws by willfully and maliciously

11

denying me justice in most, if not all of the cases that I filed with their clerk. Such a case is hereby presented to the U.S. District Court as a complaint against the State of New Jersey - on the behalf of the Judicial Ethics Committee of the New Jersey Supreme Court.  (See count        below).

2.  Plaintiff complains of stated defendants also for violating Civil Rights Laws of 1964 because they discriminated against Plaintiff on several counts of poverty, disability and national origin in their disposal of services to Plaintiff.  Herein below we see which of the defendants discriminated against Plaintiff.

The complaint, based on federal jurisdiction, fails to state what Plaintiff's national origin is or what his disability is, and it fails to state in what way anyone discriminated against him because of his national origin or disability.  The allegations of the complaint, to the extent that they are legible, can be summarized as follows:

On several occasions in 2004 he was stopped on the streets of Allendale and asked by the police for identification.  He visited the Borough Administrator's office and asked for "facilitations of services" of the building officials to locate properties in Allendale.  On several occasions he was refused an interview.

Several times he was arrested, put in an ambulance and sent to [illegible] "for no reason whatsoever except for their discovery that I have a disability."  There follows illegible material.

While he was in the Bergen Regional Medical Center on false charges the police in his absence towed his Honda Accord and Doge Van, after being promised by a police detective that he would not let Danny, the owner of the Allendale Hotel tow his vehicle to the junk yard.

There are allegations to the effect that after Plaintiff's release from the hospital he had conversations with the police sergeant concerning the towing of the vehicles.  There then follows a lengthy illegible concluding portion of the complaint.  From the order to show cause it can be inferred that it charges that the Honda Accord and Doge van were wrongfully held at Ramsey

12

Auto Body and that Allendale Hotel Corporation, Danny Licini, Gina Gillardini, Mr. Ciambrone and the Maintenance Mechanic were wrongfully interfering with Plaintiff's hobby of maintaining vehicles.

No facts are alleged that would support a claim of discrimination on the basis of disability or national origin.  At most facts are alleged supporting state claims, but the court does not have diversity jurisdiction, because Plaintiff is a citizen of New Jersey as are all or most of the Defendants.  Consequently the complaint must be dismissed for lack of jurisdiction.

<u>**Civil No. 08-3404**</u>

In this complaint Plaintiff names as plaintiffs in addition to himself United States Dept. of Health and Human Services, US Dept. of Commerce & Econ. Development, Bergen County Board of Social Services, NJ Dept. of Com. Affairs, Bergen County Board of Health, Borough of Allendale, NJ State Dept. of Health and Human Services, and New Jersey Economic Development Authority.  The Defendants are, Danny Licini, Gina Gillardini, Tina Licini, Mr. Ciambrone (Paramus Council President/Part Owner), Allendale Hotel Corporation.

Essentially this complaint asserts the same claims as are asserted in Civil No. 08-3399 and in that portion of Civil No. 08-3403 relating to the towing of his vehicles.  As to smoking in his hotel, he alleges:

> 1.  I have been living at the Allendale Hotel for about four years and I have been complaining to Allendale Mayor and Council about the horrible health conditions where I live and that it is rendering me unable to breath right, sleep right or work right.  In a word the conditions at the Allendale Hotel have rendered me disable in full sense of the word.  In fact I cannot hold an income producing job and my attempts to create my self employment at my favorite non-profit corporation are going in vain because the conditions of my sleep and living are so horrible and the people that can do something about it are not helping out.

2.  I complained to the Allendale Board of Health as well as to Bergen County Board of Health as well as to the Allendale Police as to drunkard and smoking tenants, and nobody would do anything about it.

3.  I complained to the fire department of Allendale and revisited the Borough Mayor and Council and they made empty promises.  And up to 22 smokers are making my life miserable with smoking, drinking and fighting.  I am being tortured willfully and maliciously by the landlords as well as by governmental agencies that are incapable of doing anything and letting criminals free to do anything they want threaten and damage my life and health permanently.

As to the towing of his vehicles, Plaintiff alleges:

WHEREAS, The landlord and specifically Danny took retaliatory actions against Plaintiff by taking Plaintiff's hobby of assembling a solar hybrid vehicle off the property, and by towing his vehicles out of the yard and threatened him with changing the locks on the house and his room And

For the same reasons as Civil No.: 08-3399 and Civil No.: 08-3403 were dismissed, the complaint in this action must be dismissed.

## Civil No. 08-3405

In addition to himself Plaintiff names as Co-Plaintiffs NJDCA, BRMC, Allendale Hotel Corp., Charles Molinelli, Richard Herndon, Unice Barra, Allendale Borough Municipal Corporation, John Mattiace, Michelle Ruvolo.  Again there is no evidence of his authority to file a complaint on behalf of the Co-Plaintiffs.

The Defendants are Danny and Lini Licini, Gina Gallardini, Paramus Borough Council, Paramus Council President Mr. Ciambrone, Daniel Mecca, Paterson and the State of New Jersey.

This is a confusing and rambling complaint.  The first portion consists of Plaintiff's observations about justice, or lack of justice accorded citizens.  He asserts that the power of the state over citizen is such that "without buying the favor of a politician, [the citizens] will always lose of his freedom, wealth, equity, life, honor and pride.  There is an unholy alliance between

14

state, county and municipal politicians in which judges favor the well-financed, the well-connected and the ones that bought influence in a deal."

The next portion of the complaint deals with the subject of smoking at Allendale Hotel and the injuries that this has caused not only to Plaintiff but also to other non-smokers, whom Plaintiff describes.

Next the complaint alleges that Plaintiff is being confined against his will at the BRMC, as there is no way to show that he was a danger to himself, to others or to property.  He alleges that the Allendale police and Allendale Borough officials acted criminally in detaining him illegally.  In some way Mecca was responsible for Plaintiff's troubles, giving false records and "he did communicate this desire to Pl's family members as well as to members of his staff, to staff of and to other judges of the Superior Court in Bergen, Passaic & Hudson Counties."

Also Mecca is alleged to have assaulted Plaintiff by attempting to run over him with his car and is responsible for his not getting justice in the Superior Court.

Plaintiff's negative observations about the New Jersey justice system and his allegations about the corruption of public officials do not state a claim for relief.  If he is claiming illegal confinement at BRMC, his complaint does not qualify as a petition for a writ of habeas corpus, because he has not alleged that he has exhausted state remedies.  If he is claiming that past confinement was unlawfully obtained, he has not alleged who was responsible for such confinement and in what manner it violated federal rights.  His allegations against Mecca at most allege state torts of libel, slander, assault or battery.  As there are no federal claims and diversity is lacking, the court does not have jurisdiction to hear these claims.

The complaint must be dismissed for lack of jurisdiction.

### Civil No. 08-3406

Plaintiff alone sues the following defendants: Allendale, Paramus, Paterson, Ridgewood, Little Falls, Maywood, Wayne, West New York Bergen, Passaic and Hudson Counties and the State of New Jersey, Allendale Hotel Corp., Danny Licini, Gina Gillardini, Mr. Ciambrone, Paramus Council President and part owner of Allendale Hotel Corp., Dennis Oury, Senator Conniglio.

In Count 1 of this complaint Plaintiff alleges that the Allendale Police Department refused to take complaints he wished to file for more than four years, refused to provide police reports to Plaintiff, ignored civilian police reports, and took sides with owners, tenants and the superintendent against the Plaintiff.  Plaintiff alleges that he complained to the police and to the mayor and council to no avail.

In this complaint Plaintiff alleges again that the police stole his Honda Accord and Dodge van in the civil dispute between Plaintiff's landlord and Plaintiff, directing Ramsey to take the vehicles.

Most of the named Defendants are not even mentioned by name in the complaint, and no specific facts are alleged to support Plaintiff's generalized charges.  In any event no federal claim is asserted and because diversity is lacking the complaint must be dismissed for lack of jurisdiction.

### Civil No. 08-3407

In this Plaintiff sues Defendants Borough of Allendale, Block ___ Lot ___ & Developer, savethefellhouse.org.

Plaintiff alleges that when he moved to Allendale in 2004 he started looking for a place to

16

purchase.  He was interested in what he identifies as the Fell House, but the Allendale building

department staff refused to give him information so that he could communicate with the owner.

He explained to the Borough Mayor and council and Administrator that it was important that he

find property so that he could get out of the Allendale Hotel where he was then living.

The complaint alleges that he read in the newspaper that a developer had contracted with

the owner to buy the Fell House.  This heightened Plaintiff's interest in the property, but when he

asked to look at the developer's plans, "Mayor Barra Slammed the plans on the counter with

anger and was telling me that the developer spent a lot of money on the plans and that I have no

rights to look at the plans."

These allegations fail to support a federal claim.  If there is a basis for a state law claim,

because diversity of citizenship is lacking, the complaint must be dismissed for lack of

jurisdiction.

### Civil No. 08-3408

Plaintiff has filed a complaint against Defendant, Phil Anton, Room #5, 2nd Floor.

Plaintiff alleges that Defendant has violated his rights by engaging in the following acts: i) he and

his visitors have been chain smoking, causing great discomfort to Plaintiff; ii) he has been

spraying and encouraging others to spray "poisonous horrible masking sprays inside the building

and forcing pl. out of his room and out of the building;" iii) he prevented Plaintiff from getting

fresh air by illegally closing the 3rd floor hallway window every time Plaintiff opens a 2-inch

crack to clear stifling odors; iv) he instigated fights by himself and among other tenants and

Plaintiff causing Plaintiff unnecessary bleeding from stress; v) he assaulted Plaintiff.

These allegations do not form the basis for a claim under federal law.  At most Plaintiff

alleges state law causes of action and because there is no diversity of citizenship the complaint must be dismissed for lack of jurisdiction.

### Civil No.: 08-3409

In this complaint Plaintiff names as defendants Kimberly Bianco, Eddie X (Room #5, 2nd Floor) and Allendale Hotel Corp.

Plaintiff asserts essentially the same allegations against Kimberly Bianco and Eddie X as he asserted against Phil Anton in Civil No: 08-3408.  He added Allendale Hotel Corp. as a Defendant, but that has no effect on the disposition of the case.  The allegations do not form the basis for a claim under federal law.  At most Plaintiff alleges state law causes of action, and because diversity of citizenship is lacking the complaint must be dismissed for lack of jurisdiction.

### Civil No. 08-3410

In this case Plaintiff sues Defendant Shirley Walkowitz (Room #6, 2nd Floor).

Plaintiff does not allege that Walkowitz smokes, but except for that he asserts essentially the same allegations against her as he asserted against Phil Anton.  The allegations do not form the basis for a claim under federal law.  At most Plaintiff alleges state law causes of action, and because diversity of citizenship is lacking, the complaint must be dismissed for lack of jurisdiction.

### Civil No.: 08-3411

In this case Plaintiff names as Defendants Stephanie Van Riper, (Room #5, 2nd Floor), Mike Kelley, and Allendale Hotel Corp. The allegations in the complaint are directed only to Stephanie Van Riper, but it must be assumed that they are intended to apply also to Mike Kelley.

18

Plaintiff asserts essentially the same allegations against Stephanie Van Riper and Mike Kelley as he asserted against Phil Anton in Civil No.: 08-3408.  The allegations do not form the basis for a claim under federal law.  At most Plaintiff alleges state law causes of action, and because diversity of citizenship is lacking the complaint must be dismissed for lack of jurisdiction.

### All Cases

On July 8, 2008, Plaintiff, George Lahood, filed twelve cases - the cases considered in this opinion.  All of them must be dismissed for lack of jurisdiction, for failure to state a claim on which relief may be granted or because they are frivolous or malicious.

During the period from August 23, 1993 to November 7, 2005, Plaintiff filed nineteen complaints, all of which were dismissed as shown in Appendix A to this opinion.

It is evident that Plaintiff intends to file more complaints which, on the basis of past experience will be equally baseless.  He recently wrote to the court stating that he "would like to be able to file Electronically cases by e-mail" and seeks the court's assistance in enabling him to defray the costs.  He states "I am not very mobile and helping me file cases on the internet would render better benefits to society."

The court fully understands Plaintiff's frustration from constant exposure to cigarette smoke and the apparent inability to date of either his landlord or responsible public authorities to provide relief satisfactory to him.  This, however, is a problem with which the federal courts cannot deal.  Federal courts are courts of limited jurisdiction and Plaintiff's problems are not within their jurisdiction.

Plaintiff is placing an intolerable burden on the court and on the Clerk's Office, and this

19

flood of baseless claims must be brought to a halt.  Normally a hearing on the necessary order is held, but here the abuse is of such longstanding and is so egregious, an order will be entered on the basis of the record in the Clerk's Office.

The order will direct that the Clerk's Office accept for filing no further pleadings of Plaintiff unless a judge of this court reviews the proposed pleading and authorizes the Clerk of the Court to file it.  The Clerk may furnish to the judge a copy of this opinion when submitting the proposed pleading for review.

The court will enter an order in each of the above cases implementing this opinion.


 */s/ Dickinson R. Debevoise*   
DICKINSON R. DEBEVOISE
U.S.S.D.J.

July 16, 2008

**APPENDIX A**

| | | |
|---|---|---|
| 1.  2:93-cv-03804-JCL | LAHOOD v. THE STATE OF N.J., et al | filed 08/23/93<br>closed 05/16/94<br><br>*Order granting motion to dismiss* |
| 2.  2:93-cv-03805-JCL | LAHOOD v. THE STATE OF N.J., et al | filed 08/23/93<br>closed 06/26/95<br><br>*Opinion and Order dismissing* |
| 3.  2:94-cv-00010-WGB | LAHOOD v. RTC, et al | filed 01/03/94<br>closed 01/07/94<br><br>*Order dismissing as frivolous* |
| 4.  2:94-cv-00783-AJL | LAHOOD v. PUBLIC SERVICE, et al | filed 02/18/94<br>closed 02/24/94<br><br>*Order dismissing as frivolous* |
| 5.  2:94-cv-03116-DRD | LAHOOD v. SMITH, et al | filed 06/29/94<br>closed 03/27/96<br><br>*Order granting motion to dismiss* |
| 6.  2:94-cv-03213-MTB | LAHOOD v. N.J. DEPT. OF HUMAN, et al | filed 07/05/94<br>closed 07/29/94<br><br>*Order to dismiss* |
| 7.  2:94-cv-03233-JWB | LAHOOD v. BALDINI, et al | filed 07/07/94<br>closed 07/14/94<br><br>*Order dismissing as frivolous* |
| 8.  2:94-cv-05310-WGB | LAHOOD v. STATE OF NEW JERSEY, et al | filed 11/01/94<br>closed 02/23/96<br><br>*Order granting motions for* |

| | | |
|---|---|---|
| | | *summary judgment and motion to dismiss* |
| 9.  2:98-cv-04234-MTB | LAHOOD v. STATE OF NEW JERSEY, et al | filed 09/22/98<br>closed 09/28/98<br><br>*Order to dismiss* |
| 10.  2:99-cv-05756-JAG | LAHOOD v. D'ANDREA, et al | filed 12/10/99<br>closed 12/14/99<br><br>*Letter Opinion and Order dismissing* |
| 11.  2:99-cv-05758-NHP | LAHOOD, et al v. FORT LEE, et al | filed 12/10/99<br>closed 12/14/99<br><br>*Order dismissing as frivolous* |
| 12.  2:00-cv-05943-JAG | LAHOOD v. NEW JERSEY DEPT., et al | filed 12/06/00<br>closed 12/18/00<br><br>*Letter Opinion and Order denying IFP* |
| **13.  2:02-cv-4596-FSH** | LAHOOD v. CITY OF PATERSON, et al | filed 09/23/02<br><br>closed 09/30/02<br><br>*Order dismissing for lack of federal subject matter jurisdiction* |
| 14.  2:02-cv-03027-WHW | LAHOOD v. CITY OF PATERSON, et al | filed 06/26/02<br>closed 08/15/03 |
| 15.  2:02-cv-05828-JAP | LAHOOD v. DUROL, et al | filed 12/09/02<br>closed 06/13/03<br><br>*Order denying motion to restore possessions to original location; case closed* |

| | | |
|---|---|---|
| 16.  2:02-cv-06157-WHW | LAHOOD v. TORRES | filed 12/31/02<br>closed 01/10/03<br><br>*Order denying IFP* |
| 17.  2:02-cv-06170-JAP | LAHOOD v. ALL STOR STORAGE | filed 12/31/02<br>closed 01/14/03<br><br>*Order denying IFP for failure to state a basis for subject matter jurisdiction* |
| 18.  2:03-cv-00137-JAG | LAHOOD v. U.S. MARSHAL SERVICE | filed 01/09/03<br>closed 02/21/03<br><br>*Order dismissing as frivolous and for failure to state a claim* |
| 19.  2:05-cv-05267-DRD-SDW | LAHOOD v. STATE OF NJ NJELEC | filed 11/07/05<br>closed 11/15/05<br><br>*Order dismissing for lack of jurisdiction* |